**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6811

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW LEE THOMPSON, II, a/k/a Slim,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:17-cr-00168-CMH-1; 1:22-cv-00030-CMH)

Submitted: May 30, 2024                          Decided: July 12, 2024

Before QUATTLEBAUM and BENJAMIN, Circuit Judges, and MOTZ, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Andrew Lee Thompson, II, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Lee Thompson, II, seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 motion. The district court's order was entered on April 13, 2023. The notice of appeal was filed on August 7, 2023.[1] When the United States is a party, all parties are accorded 60 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Thompson's notice of appeal was not filed within 60 days after the district court's entry of judgment or within the subsequent 30-day extension period. However, Thompson also filed a motion requesting that the court reopen his case so that he could file a motion for a certificate of appealability, which the court filed as a motion to reconsider, in early August 2023.[2] He asserted that he did not receive timely notice of the district court's entry of judgment. Accordingly, this case is remanded to the district court for the purpose of determining whether Thompson's motion or post judgment filings meet the requirements of Rule 4(a)(6) and, if so, whether to reopen the appeal period.

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The motion is currently still pending in the district court.

2

Once supplemented consistent with this opinion, the record shall be returned to this court for further proceedings.

*REMANDED*